Maria Fernanda Ezquerro (299783)
430 Nutmeg Street, Suite 100
San Diego, CA 92103
(619)674-3250
fernanda@ezquerrolawgroup.com

**IN THE UNITED STATES DISTRICT COURT**

**IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiffs,<br><br>vs.<br><br>JOSE DE JESUS ANGUIANO,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 25-MJ-1406<br><br>NOTICE OF MOTIONS AND MOTIONS FOR:<br><br>1)PRODUCTION OF BRADY MATERIAL;<br>2)DISCOVERY; AND<br>3)LEAVE TO FILE FURTHER MOTIONS |

PLEASE TAKE NOTICE that as soon as counsel may be heard, the defendant, JOSE DE JESUS ANGUIANO, by and through his counsel, Maria Fernanda Ezquerro will move this Court to issue an order granting the motions listed below.

**MOTIONS**

The defendant, JOSE DE JESUS ANGUIANO, by and through counsel, Maria Fernanda Ezquerro, asks this Court pursuant to the United States Constitution and Fed. R. Crim. P. 12, 16 and 26, and all other applicable statutes and local rules for an order to:

1) Produce all Brady Material;
2) Compel Discovery; and for
3) Leave to File Further Motions.

These motions are based upon the instant motions and notice of motions, the attached statement of facts and memorandum of points and authorities, the files and records in the above-captioned matter, and any and all other materials that may come to this Court's attention prior to or during the hearing of these motions.

Respectfully submitted,

Date: April 11, 2025

s/ezquerro
Maria Fernanda Ezquerro

Maria Fernanda Ezquerro (299783)
430 Nutmet Street, Suite 100
San Diego, CA 92103
(619)674-3250
fezquerro@ezquerrolawgroup.com

**IN THE UNITED STATES DISTRICT COURT**

**IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiffs,<br><br>vs.<br><br>JOSE DE JESUS ANGUIANO,<br><br>Defendant. | ) | No. 25-MJ-1406<br><br>NOTICE OF MOTIONS AND MOTIONS FOR:<br><br>1)PRODUCTION OF BRADY MATERIAL;<br>2)DISCOVERY; AND<br>3)LEAVE TO FILE FURTHER MOTIONS |

STATEMENT OF FACTS

The following brief summary of the statement of facts is based on materials received from the government. The facts alleged in these motions are subject to amplification and/or modification at the time these motions are heard.

This case involves voluminous discovery. At present we have received some discovery. However, I anticipate additional discovery will become available in the near future. Due to the nature of the case we believe there will be more substantive motions filed when we receive more discovery.

MOTION TO COMPEL DISCOVERY

Defense counsel has received some discovery in this case. However, due to the fact that there still remains investigation to be conducted and witnesses to be

interviewed, Mr. Anguiano believes that there may be other discovery outstanding. He therefore moves for the production by the government of the following items. This request is not limited to those items that the prosecutor knows of, but rather includes all discovery listed below that is in the custody, control, care, or knowledge of any "closely related investigative [or other] agencies" under United States v. Bryan, 868 F.2d 1032 (9th Cir.), cert. denied, 493 U.S. 858 (1989):

(1) The Defendant's Statements Under Fed. R. Crim. P. 16 (a)(1)(A) the defendant is entitled to disclosure all copies of any written or recorded statements made by the defendant; the substance of any statements made by the defendant which the government intends to offer in evidence at trial; any response by the defendant to interrogation; the substance of any oral statements which the government intends to introduce at trial, and any written summaries of the defendant's oral statements contained in the handwritten notes of the government agent; any response to any Miranda warnings which may have been given to the defendant (see United States v. McElroy, 697 F.2d 459 (2d Cir. 1982)); and any other statements by the defendant that are discoverable under Fed. R. Crim. P. 16(a)(1)(A). The Advisory Committee Notes as well as the 1991 amendments to Rule 16 make it clear that the Government must reveal all the defendant's statements, whether oral or written regardless of whether the Government intends to introduce those statements;

(2) Arrest Reports, Notes and Dispatch Tapes The defendant also specifically requests that all arrest reports, notes and dispatch or any other tapes that relate to the circumstances surrounding his arrest or any questioning, if such reports have not already been produced in their entirety, be turned over to him. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which statements of the defendant or any other discoverable material is contained. This is all discoverable under Fed. R. Crim. P.

16(a)(1)(A) and Brady v. Maryland, 373 U.S. 83 (1963). See also United States v. Johnson, 525 F.2d 999 (2d Cir. 1975), cert. denied, 424 U.S. 920 (1976); United States v. Lewis, 511 F.2d 798 (D.C. Cir. 1975); United States v. Pilnick, 267 F. Supp. 791 (S.D.N.Y. 1967); Loux v. United States, 389 F.2d 911 (9th Cir.), cert. denied, 393 U.S. 867 (1968). Arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to the defendant are available under Fed. R. Crim. P. 16(a)(1)(B) and (C), Fed. R. Crim. P. 26.2 and 12(I);

(3) Brady Material The defendant requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of the government's case. Impeachment as well as exculpatory evidence falls within Brady's definition of evidence favorable to the accused. United States v. Bagley, 473 U.S. 667 (1985); United States v. Agurs, 427 U.S. 97 (1976);

(4) Any Proposed 404(b) Evidence Evidence of prior similar acts is discoverable under Fed. R. Crim. P. 16(a)(1)(C) and Fed. R. Evid. 404(b) and 609. In addition, under Fed. R. Evid. 404(b), "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature . . ." of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial. The defendant requests that such notice be given three weeks before trial in order to give the defense time to adequately investigate and prepare for trial;

(5) Jencks Act Material The defense requests all material to which defendant is entitled pursuant to the Jencks Act, 18 U.S.C. § 3500, reasonably in advance of trial, including dispatch tapes. A verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is sufficient for the report or notes to qualify as a statement under §3500(e)(1). Campbell v. United States,

373 U.S. 487, 490-92 (1963). In United States v. Boshell, 952 F.2d 1101 (9th Cir. 1991), the Ninth Circuit held that when an agent goes over interview notes with the subject of the interview the notes are then subject to the Jencks Act. The defense requests pre-trial production of Jencks material to expedite cross-examination and to avoid lengthy recesses during trial;

(6) Giglio Information Pursuant to Giglio v. United States, 405 U.S. 150 (1972), the defendant requests all statements and/or promises, express or implied, made to any government witnesses, in exchange for their testimony in this case, and all other information which could arguably be used for the impeachment of any government witnesses.

LEAVE TO FILE FURTHER MOTIONS

Due to the fact that it is unknown to the defendant at this time what new evidence may arise as a result of investigating this case, the defendant requests that this Court allow him an opportunity to file any additional motions that may become necessary.

CONCLUSION

For the foregoing reasons, Mr. Anguiano respectfully requests that this Court grant these motions.

Respectfully submitted,

DATE: April 11, 2025

/s/Maria Fernanda Ezquerro
Maria Fernanda Ezquerro for Defendant,
Jose De Jesus Anguiano

## CERTIFICATE OF SERVICE

I declare that I am over the age of eighteen years and not a party to the cause. I have electronically served all parties to the above captioned case.

Executed on April 11, 2025

s/ Ezquerro
Maria Fernanda Ezquerro