ADAM GORDON
United States Attorney
LYNDZIE M. CARTER
Assistant U.S. Attorney
Kansas Bar No. 25773
United States Attorney's Office
880 Front Street, Room 6293
San Diego, CA 92101
(619) 546-8780
Lyndzie.Carter@usdoj.gov
Attorneys for the United States

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSE DE JESUS ANGUIANO,<br><br>Defendant. | Case No.: 25-CR-01293-BJC<br><br>**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO PRODUCE, COMPEL AND LEAVE TO FILE FURTHER MOTIONS (ECF No. 16)**<br><br>DATE: October 6, 2025<br>TIME: 2:00 PM |

The plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Adam Gordon, United States Attorney, and Lyndzie M. Carter, Assistant United States Attorney, hereby files its Response to Defendant's Motion to Produce all Brady Material, Compel Discovery and Leave to File Further Motions (ECF No. 16). The Government's position is based upon the files and records of this case, together with the statement of facts and memorandum of points and authorities.

//

//

//

//

//

//

//

## I. PROCEDURAL HISTORY

On March 26, 2025, Defendant was charged in a one count Complaint with coercion and enticement of a minor, in violation of 18 U.S.C. 2422(b). ECF No. 11.

On March 28, 2025, Defendant was arrested into federal custody and appeared before the Honorable Mitchell D. Dembin for his initial appearance.

On April 11, 2025, Defendant filed a motion for discovery, release of *Brady* materials and leave to file further motions. ECF No. 16.

On April 22, 2025, Defendant was arraigned on an Information charging the same. ECF No. 18. Also, on April 22, 2025, a joint motion for protective order regarding discovery was filed and the Court, on April 23, 2025, granted the motion, ordering a Protective Order. ECF No. 20. The first motion hearing/trial setting was scheduled for June 2, 2025, but the parties, in anticipation of on-going discovery received two continuance requests, to October 6, 2025. ECF Nos. 24 and 29.

The United States submits the below response below.

## II. STATEMENT OF FACTS

The United States incorporates by reference the seven-page Probable Case Statement filed with the Criminal Complaint at ECF No. 11.

## III. DISCOVERY STATUS

The United States has produced, pursuant to protective order, four rounds of discovery to date (on May 27, 2025, June 6, 2025, July 3, 2025, and August 13, 2025), to include approximately 277 pages of documents, to include, arrest reports, other police reports and criminal history records. A fifth round of discovery is pending and will be produced prior to the next motion hearing/trial setting.

The United States has made available and/or will make available for inspection:

- Unredacted videos/photos of minor victim(s), to include JF2 of the charged conduct, and/or unidentified third-parties.
- Unredacted cell phone of identified minor victim JF1 (not currently charged).
- Unredacted Instagram returns involving minor(s) or unidentified third-parties.

The parties continue to confer regarding ongoing discovery.

## IV. RESPONSE TO DEFENDANT'S MOTIONS

The United States recognizes and acknowledges its obligations pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), the Jencks Act, and Rules 12 and 16 of the Federal Rules of Criminal Procedure. The United States has complied and will continue to comply with its discovery obligations going forward. To date, no reciprocal discovery has been received.

1. Defendant's Statements

The United States has disclosed all known written statements of Defendant and the substance of oral statements made by Defendant in response to questions by Government agents in this criminal case. *See* Fed. R. Crim. P. 16(a)(1)(A), (B). The United States will continue to verify with each agent involved in the investigation and arrest of Defendant that there are no additional statements. Any additional statements will be produced.

With respect to the request for agent "handwritten" notes, if any exist, they will be preserved, but they may not be produced as part of Rule 16 discovery. A defendant is not entitled to rough notes because they are not "statements" within the meaning of the Jencks Act unless they comprise a substantially verbatim narrative of a witness's assertions or have been approved or adopted by the witness. *United States v. Bobadilla-Lopez*, 954 F.2d 519 (9th Cir. 1992); *United States v. Griffin*, 659 F.2d 932 (9th Cir. 1981); *United States v. Spencer*, 618 F.2d 605 (9th Cir. 1980).

2. Arrest Reports, Notes, and Dispatch Tapes

The United States has/will provided Defendant with reports and recordings associated with this case, and/or have made reports/recordings of minors or third-parties available for inspection at the United States' Attorney's Office pursuant to the Protective Order regarding discovery in this case. The United States does not believe there exists any additional reports and recordings at this time. Should they exist, the United States will produce them or make them available for inspection. Defendant's request for agent's rough notes was addressed above. The United States is unaware of any dispatch recordings.

//

3. *Brady* Material

The United States is aware of its obligations under *Brady* and will comply. Having said this, the United States does not believe that information which may result in a lower sentence constitutes *Brady*. Notwithstanding the objection, the United States has produced all currently known information regarding the nature and circumstances of the offense which would be material under 18 U.S.C. § 3553. Defendant has not provided any cooperation that affects sentencing.

As discussed above, the United States recognizes and acknowledges its obligations pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and will continue to comply with its obligation.

4. Any Proposed 404(b) Evidence

If the United States intends to offer any evidence under Rule 404(b) or 609 of the Federal Rules of Evidence, it will provide notice to Defendant in writing at least three weeks before trial, as requested by the Defendant.

5. Jencks Act Material

The United States will comply with its discovery obligations under the Jencks Act. Consistent with the Jencks Act, 18 U.S.C. § 3500, Defendant is not entitled to disclosure of witness statements prior to the witness testifying on direct examination at trial. The United States must produce these statements only after the witness testifies on direct examination. *United States v. Taylor*, 802 F.2d 1108, 1118 (9th Cir. 1986); *United States v. Mills*, 641 F.2d 785, 790 (9th Cir. 1981). The United States reserves the right to withhold the statements of any particular witnesses until after they testify.

Notwithstanding any statements the United States deems necessary to withhold, the United States will disclose witness statements prior to trial in as timely a manner as practicable, provided defense counsel has complied with the obligations under Rules 12.1, 12.2, 16, and 26.2 of the Federal Rules of Criminal Procedure, and provided that defense counsel submitted all reciprocal discovery and “reverse Jencks” statements.

With respect to the request for agent "rough" notes, the United States address this request above.

6. *Giglio* Information

The United States is aware of its obligations under *Giglio* and will comply.

7. Leave to File Further Motions

The United States does not object, as discovery is ongoing.

## V. CONCLUSION

For the foregoing reasons, the United States respectfully requests that Defendant's Motion be granted where not in dispute and denied as to areas of dispute discussed above.

DATED: September 29, 2025

Respectfully submitted,

ADAM GORDON
United States Attorney

*/s/ Lyndzie M. Carter*
LYNDZIE M. CARTER
Assistant U.S. Attorney