ADAM GORDON
United States Attorney
DEREK KO
Assistant U.S. Attorney
Florida Bar No. 83498
United States Attorney's Office
880 Front Street, Room 6293
San Diego, CA 92101
(619) 546-7680
derek.ko@usdoj.gov
Attorneys for the United States

FILED
FEB 24 2026
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY DEPUTY

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>JOSE DE JESUS ANGUIANO,<br>Defendant. | Case No. 25-cr-1293-BJC<br><br><u>PLEA AGREEMENT</u> |

IT IS HEREBY AGREED between the plaintiff, UNITED STATES OF AMERICA, through its counsel, Adam Gordon, United States Attorney, and Derek Ko, Assistant United States Attorney, and Defendant Jose De Jesus Anguiano, with the advice and consent of Maria Fernanda Ezquerro, counsel for Defendant, as follows:

//

//

//

//

//

//

//

//

//

I

**THE PLEA**

A. THE CHARGE

Defendant agrees to plead guilty to the Information, which charges Defendant with:

> From on or between March 12, 2024, and August 29, 2024, within the Southern District of California, and elsewhere, defendant JOSE DE JESUS ANGUIANO, used a facility and means of interstate commerce, to knowingly persuade, induce, entice, and coerce an individual, to wit: a minor female (JF2), who had not attained the age of 18 years, to engage in sexual activity for which any person could be charged with a criminal offense; in violation of Title 18, United States Code, Section 2422(b).

B. UNCHARGED CONDUCT

Defendant has been made aware of the evidence against him concerning certain uncharged conduct. The Government agrees not to prosecute Defendant thereafter on such uncharged conduct unless Defendant breaches the plea agreement or the guilty plea entered pursuant to this plea agreement is set aside for any reason. If Defendant breaches this agreement or the guilty plea is set aside, section XII below shall apply.

II

**NATURE OF THE OFFENSE**

A. ELEMENTS EXPLAINED

The offense to which Defendant is pleading guilty has the following elements:

//

//



Def. Initials JA

1. First, Defendant used a means or facility of interstate or foreign commerce to knowingly induce and entice an individual to engage in prostitution;
2. Second, Defendant believed that the individual was under the age of 18;
3. Third, that if the sexual activity had occurred, any person could have been charged with a criminal offense under the laws of the State of California. In California, it is a criminal offense to entice a person under 18 years of age into a house of ill fame, or of assignation, or elsewhere, for the purpose of prostitution.
4. Fourth, Defendant did something that was a substantial step toward committing the crime.

B. <u>ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS</u>

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each element of the crime and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

[redacted]



Def. Initials JA

[redacted]



Def. Initials JA

[redacted]

[1] For the purposes of sentencing, Defendant admits to the following relevant, uncharged conduct.



Def. Initials JA

[redacted]

Def. Initials JA

[redacted]

III

**PENALTIES**

The crime to which Defendant is pleading guilty carries the following maximum penalties:

A. A mandatory minimum 10 years in prison and a maximum of life in prison;

B. a maximum $250,000 fine;

C. a mandatory special assessment of $100;

D. an additional mandatory special assessment of $5,000 in accordance with 18 U.S.C. § 3014;

E. a term of supervised release of at least 5 years and up to life. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison, upon any such revocation, all or part of the statutory maximum term of supervised release for the offense that resulted in such term of supervised release;

F. Mandatory Restitution under 18 U.S.C. § 2429;

G. Forfeiture of all property real and personal, used or intended to be used to commit or to facilitate the commission

Def. Initials JA

of the offense; and any property, real or personal, constituting or derived from, any proceeds traceable to the offense;

H. Registration as a sex offender under the Sex Offender Registration and Notification Act.*

Defendant understands that by pleading guilty defendant may become ineligible for certain federal benefits.

*Defendant further understands, acknowledges and agrees to the following concerning his sex offender registration: I am required to register and keep my registration current in each of the following jurisdictions: where I reside; where I am an employee; and where I am a student. I understand that the requirements for registration include providing my name, my residence address, and the names and addresses of any places where I am or will be an employee or a student, among other information. I further understand that the requirement to keep the registration current including informing at least one jurisdiction in which I reside, am an employee, or am a student not later than three business days after any change of my name, residence, employment, or student status. I have been advised, and understand, that failure to comply with these obligations subjects me to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by fine or imprisonment, or both.

//

//

//

//

//

//

Def. Initials JA

## IV
## DEFENDANT'S WAIVER OF TRIAL RIGHTS AND UNDERSTANDING OF CONSEQUENCES

This guilty plea waives Defendant's right at trial to:

A. Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

B. A speedy and public trial by jury;

C. The assistance of counsel at all stages;

D. Confront and cross-examine adverse witnesses;

E. Testify and present evidence and to have witnesses testify on behalf of Defendant; and,

F. Not testify or have any adverse inferences drawn from the failure to testify.

## V
## DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION

Any information establishing the factual innocence of Defendant known to the undersigned prosecutor in this case has been turned over to Defendant. The Government will continue to provide such information establishing the factual innocence of Defendant.

If this case proceeded to trial, the Government would be required to provide impeachment information for its witnesses. In addition, if Defendant raised an affirmative defense, the Government would be required to provide information in its possession that supports such a defense. By pleading guilty Defendant will not be provided this information, if any, and Defendant waives any right to this information. Defendant will not attempt to withdraw the guilty plea or to file a collateral attack based on the existence of this information.

//

//



Def. Initials JA

## VI

## DEFENDANT'S REPRESENTATION THAT GUILTY PLEA IS KNOWING AND VOLUNTARY

Defendant represents that:

A. Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel and has a clear understanding of the charges and the consequences of this plea. By pleading guilty, Defendant may be giving up, and rendered ineligible to receive, valuable government benefits and civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. The conviction in this case may subject Defendant to various collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case; debarment from government contracting; and suspension or revocation of a professional license, none of which can serve as grounds to withdraw Defendant's guilty plea.

B. No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the Court.

C. No one has threatened Defendant or Defendant's family to induce this guilty plea.

D. Defendant is pleading guilty because Defendant is guilty and for no other reason.

## VII

## AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE, SOUTHERN DISTRICT OF CALIFORNIA

This plea agreement is limited to the United States Attorney's Office for the Southern District of California, and cannot bind any other authorities in any type of matter, although the Government will bring this plea agreement to the attention of other authorities if requested by Defendant.

## VIII

## APPLICABILITY OF SENTENCING GUIDELINES

The sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). In imposing the sentence, the sentencing judge must consult the United States Sentencing Guidelines (Guidelines) and take



Def. Initials JA

them into account. Defendant has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory. The Court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction. **Defendant agrees to request that the Court order a presentence report.** The sentence cannot be determined until a presentence report is prepared by the U.S. Probation Office and defense counsel and the Government have an opportunity to review and challenge the presentence report. Nothing in this plea agreement limits the Government's duty to provide complete and accurate facts to the district court and the U.S. Probation Office.

## IX

## SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE

This plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The sentence is within the sole discretion of the sentencing judge who may impose the maximum sentence provided by statute. It is uncertain at this time what Defendant's sentence will be. The Government has not made and will not make any representation about what sentence Defendant will receive. Any estimate of the probable sentence by defense counsel is not a promise and is not binding on the Court. Any recommendation by the Government at sentencing also is not binding on the Court. If the sentencing judge does not follow any of the parties' sentencing recommendations, Defendant will not withdraw the plea.

//

//

//

## X



Def. Initials JA

## PARTIES' SENTENCING RECOMMENDATIONS

### A. SENTENCING GUIDELINE CALCULATIONS

Although the Guidelines are only advisory and just one factor the Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments, and Departures:

| | | |
|---|---|---|
| 1. | Base Offense Level [§ 2G1.3(a)(3)] | 28 |
| 2. | Use of a computer/ interactive computer service [§ 2G1.3(b)(3)] | +2 |
| 3. | Sex act/sexual contact [§ 2G1.3(b)(4)(A)] | +2 |
| 4. | Acceptance of Responsibility [§ 3E1.1] | -3 |

### B. ACCEPTANCE OF RESPONSIBILITY

Despite paragraph A above, the Government need not recommend an adjustment for Acceptance of Responsibility if Defendant engages in conduct inconsistent with acceptance of responsibility including, but not limited to, the following:

1. Fails to truthfully admit a complete factual basis as stated in the plea at the time the plea is entered, or falsely denies, or makes a statement inconsistent with, the factual basis set forth in this agreement;
2. Falsely denies prior criminal conduct or convictions;
3. Is untruthful with the Government, the Court or probation officer; or
4. Breaches this plea agreement in any way.

//

//

//

//

//



Def. Initials JA

C. FURTHER ADJUSTMENTS AND SENTENCE REDUCTIONS INCLUDING THOSE UNDER 18 U.S.C. § 3553

Defendant may request or recommend additional downward adjustments, departures, or variances from the Sentencing Guidelines under 18 U.S.C. § 3553. The Government will oppose any downward adjustments, departures, or variances not set forth in Section X, paragraph A above.

D. NO AGREEMENT AS TO CRIMINAL HISTORY CATEGORY

The parties have **no** agreement as to Defendant's Criminal History Category.

E. "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION

The facts in the "factual basis" paragraph of this agreement are true and may be considered as "relevant conduct" under USSG § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

F. PARTIES' RECOMMENDATIONS REGARDING CUSTODY

The Government will recommend that Defendant be sentenced to a custodial term within the advisory guideline range, as calculated by the Government, after incorporating an upward variance[2] that is the equivalent of four levels under the Sentencing Guidelines.

G. SPECIAL ASSESSMENT/FINE/RESTITUTION

1. Special Assessment

The parties will jointly recommend that Defendant pay a special assessment in the amount of $100.00 per felony count of conviction to be paid forthwith at time of sentencing.

[2] This variance is pursuant to the 3553(a) factors after considering the uncharged conduct referenced in paragraphs 6 through 15 of the factual basis.



Def. Initials JA

In addition, unless the sentencing court finds the Defendant to be indigent, the parties also will jointly recommend that Defendant pay an additional special assessment in the amount of $5,000 per count of qualifying conviction, which shall not be payable until Defendant satisfies all outstanding fines, orders of restitution, and any other obligation in this case related to victim-compensation. The Special assessments shall be paid through the office of the Clerk of the District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

2. Fine/Restitution

The parties will not recommend imposition of a fine due to Defendant's limited financial prospects and because the cost of collection, even taking into account the Inmate Responsibility Program, likely would exceed the amounts that could reasonably be expected to be collected. However, the Government reserves the right to seek restitution on behalf of any victim under 18 U.S.C. § 2429. Defendant understands that restitution is mandatory for the offense to which he is pleading. Defendant agrees that if restitution is ordered by the Court under 18 U.S.C. § 2429, the amount of restitution ordered by the Court shall include Defendant's total offense conduct, and is not limited to the count of conviction. Defendant agrees and understands that any payment schedule imposed by the Court is without prejudice to the United States to take all actions and take all remedies available to it to collect the full amount of the restitution.

H. SUPERVISED RELEASE

If the Court imposes a term of supervised release, Defendant will not seek to reduce or terminate early the term of supervised release without the express consent of the Government and until Defendant has

Def. Initials JA

fully paid and satisfied any special assessments, fine, criminal forfeiture judgment, and restitution judgment.

## XI

## DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

Defendant waives (gives up) all rights to appeal and to collaterally attack every aspect of the conviction and sentence. This waiver includes, but is not limited to, any argument that the statute of conviction or Defendant's prosecution is unconstitutional and any argument that the facts of this case do not constitute the crime charged. The only exceptions is defendant may collaterally attack the conviction or sentence on the basis that defendant received ineffective assistance of counsel. If defendant appeals, the Government may support on appeal the sentence or restitution order actually imposed

## XII

## BREACH OF THE PLEA AGREEMENT

Defendant and Defendant's attorney know the terms of this agreement and shall raise, before the sentencing hearing is complete, any claim that the Government has not complied with this agreement. Otherwise, such claims shall be deemed waived (that is, deliberately not raised despite awareness that the claim could be raised), cannot later be made to any court, and if later made to a court, shall constitute a breach of this agreement.

Defendant acknowledges, understands and agrees that if Defendant violates or fails to perform any of Defendant's obligations under this agreement, such violation or failure to perform may constitute a material breach of this agreement. The following are non-exhaustive examples of acts constituting a breach:

1. Failing to plead guilty pursuant to this agreement;



Def. Initials JA

2. Failing to fully accept responsibility as established in Section X, paragraph B, above;

3. Failing to appear in court;

4. Attempting to withdraw the plea;

5. Failing to abide by any court order related to this case;

6. Appealing (which occurs if a notice of appeal is filed) or collaterally attacking the conviction or sentence in violation of Section XI of this plea agreement; or

7. Engaging in additional criminal conduct from the time of arrest until the time of sentencing.

If Defendant breaches this plea agreement, Defendant will not be able to enforce any provisions, and the Government will be relieved of all its obligations under this plea agreement. For example, the Government may proceed to sentencing but recommend a different sentence than what it agreed to recommend above. Or the Government may pursue any charges including those that were dismissed, promised to be dismissed, or not filed as a result of this agreement (Defendant agrees that any statute of limitations relating to such charges is tolled indefinitely as of the date all parties have signed this agreement; Defendant also waives any double jeopardy defense to such charges). In addition, the Government may move to set aside Defendant's guilty plea. Defendant may not withdraw the guilty plea based on the Government's pursuit of remedies for Defendant's breach.

Additionally, if Defendant breaches this plea agreement: (i) any statements made by Defendant, under oath, at the guilty plea hearing (before either a Magistrate Judge or a District Judge); (ii) the factual basis statement in Section II.B in this agreement; and (iii) any



Def. Initials JA

evidence derived from such statements, are admissible against Defendant in any prosecution of, or any action against, Defendant. This includes the prosecution of the charge(s) that is the subject of this plea agreement or any charge(s) that the prosecution agreed to dismiss or not file as part of this agreement, but later pursues because of a breach by the Defendant. Additionally, Defendant knowingly, voluntarily, and intelligently waives any argument that the statements and any evidence derived from the statements should be suppressed, cannot be used by the Government, or are inadmissible under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, and any other federal rule.

## XIII

## CONTENTS AND MODIFICATION OF AGREEMENT

This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral. No modification of this plea agreement shall be effective unless in writing signed by all parties.

//

//

//

//

//

//

//

//

//

//



Def. Initials JA

## XIV

## DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, Defendant certifies that Defendant has read it (or that it has been read to Defendant in Defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

## XV

## DEFENDANT SATISFIED WITH COUNSEL

Defendant has consulted with counsel and is satisfied with counsel's representation. This is Defendant's independent opinion, and Defendant's counsel did not advise Defendant about what to say in this regard.

ADAM GORDON
United States Attorney

Feb 17, 2026
DATED

Derek Ko
DEREK KO
Assistant U.S. Attorney

1/16/26
DATED

MARIA FERNANDA EZQUERRO
Defense Counsel

**IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" SECTION ABOVE ARE TRUE.**

1/16/26
DATED

Jose Anguiano
JOSE DE JESUS ANGUIANO
Defendant

Approved By:

/s/Lyndzie M. Carter
LYNDZIE M. CARTER
Assistant U.S. Attorney



Def. Initials JA